**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| MISSION TOXICOLOGY, L.L.C., et al.,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, INC., et al.,<br><br>　　Defendants. | Case No.　5:17-cv-01016<br>　　　　　　(lead case) |
| UNITEDHEALTHCARE INSURANCE COMPANY, INC., et al.,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>MICHAEL MURPHY, M.D., et al.,<br><br>　　Defendants. | Case No.　5:18-cv-00347<br>　　　　　　(consolidated case) |

**UNITED'S RENEWED MOTION TO COMPEL MICHAEL MURPHY TO PRODUCE
<u>FINANCIAL DOCUMENTS AND FOR FEES AND COSTS</u>**

On November 8, 2019, Defendant Michal Murphy stipulated that if United would withdraw its motion to compel his financial records, he would produce all statements for the accounts into which laboratory program proceeds, which included funds paid by United, could have flowed directly or indirectly, as well as all records reflecting the details of the transactions running through those accounts. Joint Advisory (ECF 148). In the months that followed, he produced some statements and zero transaction records. When United asked him to produce the promised transaction records as well as additional account statements that would show where he sent the money and where it resides today, he promised for months that he would comply. Then, he abruptly changed his position, violating the stipulation he had filed. Accordingly, pursuant to Federal Rule of Civil Procedure 37, United hereby requests that the Court order Murphy to: (a) produce records of the transactions that went into and out of certain accounts for which he has produced statements, (b) produce statements for additional accounts to which he transferred substantial sums, and (c) reimburse United for the substantial fees and expenses it has incurred in attempting to secure Murphy's compliance with his original stipulation and bringing this Motion.

## FACTUAL BACKGROUND

**I.    Murphy and Saucedo forced United to move to compel their financial records, then stipulated to produce them if United would withdraw its motion.**

On July 23, 2019, United served document requests seeking financial records from Defendants Murphy and Saucedo, the principal architects of the scheme at issue in this case. ██████████████████████████████████████████████████████████ But they refused to produce any of their financial records, forcing United to prepare and file a Motion to Compel (ECF 133), submitted on October 7, 2019. As United explained, because Murphy and Saucedo's "financial motives, conduct, and enrichment are squarely at issue" in this case, United had the right to discover "financial records . . . that would reflect how much money related to the alleged scheme they have come to possess, how they obtained it, and what they have done with it." *Id.* at 3.

Weeks later, shortly before the hearing scheduled on United's motion, Murphy and

1

Saucedo finally agreed that if United would withdraw its motion, they would produce categories of financial records. Murphy and Saucedo signed a stipulation, filed with this Court on November 8, 2019, stating that they would "promptly produce all documents they possess relating to all bank, brokerage, or other accounts into which any money, directly or indirectly, was received by deposit or otherwise generated by the Lab Outreach Program, which received payments from United, for the years 2016 to the present . . . including statements, copies of checks, deposit slips, and wire transfer details where available." Joint Advisory (ECF 148). United thus agreed to withdraw its motion, and expressly reserved the right to renew it and seek additional bank records if additional records were or became relevant. (*Id.*)

**II.    After United withdrew its motion, Murphy produced statements for some, but not all, accounts that received laboratory program proceeds, and did not produce any records of the transactions that went into or out of those accounts.**

After filing the stipulation, ███████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████. The following summarizes what United can see from Defendants' financial records, and which records Murphy has refused to produce.

   █ ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████



Case 5:17-cv-01016-JKP   Document 181   Filed 03/04/20   Page 4 of 13





**III.     Defendants repeatedly promised to produce additional records consistent with the stipulation they filed with the Court, only to renege based on a false premise.**

On January 9, 2020, United sent Defendants a letter requesting ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Bornstein Decl. Ex. 1. Defendants responded on January 12, 2020, informing United that they "intend[ed] to comply with the promise [they] made" regarding the documents at issue. Ex. Bornstein Decl. Ex. 2. During a call the following week, Defendants again confirmed that documents would be forthcoming, and then did not produce the documents, at which point United followed up again via email on January

5

21, 2020. Bornstein Decl. Ex. 3. On January 27, 2020, Defendants again represented that a response regarding ▮▮▮▮▮ would be forthcoming on January 28, 2020. *Id.* But Defendants *still* did not produce the documents. On January 30, 2020, United told Defendants' counsel that it might need to move to compel the materials, given the impending motion deadline, and Defendants' counsel said Defendants were "working on getting [United] information," and that if United needed to file a Renewed Motion to Compel after the deadline, Defendants would "not argue [the] motion is untimely." Bornstein Decl. Ex. 4. Relying on these representations, United did not file a motion at that time. Nevertheless, weeks passed and Defendants *still* did not produce the financial documents at issue. Finally, after several phone calls regarding the documents, Defendants' counsel informed United on March 2, 2020, that, despite the stipulation they filed with the Court, they *would not* produce ▮▮▮▮▮. *See* Bornstein Decl. ¶¶ 8-11. To date, Defendants' counsel has failed to provide a clear and consistent rationale for refusing to produce the documents. *Id.* ¶¶ 12-14. Accordingly, United is now forced to bring this Motion.

## LEGAL STANDARD

Parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "If [a motion to compel discovery] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the party's actions were substantially justified or such an order would be unjust. Fed. R. Civ. P. 37(a)(5)(A).

## ARGUMENT

I. **The Court should entertain this Motion, and Defendants cannot argue otherwise.**

The Court should entertain this Motion despite the January 31, 2020 motions deadline set

by the Scheduling Order (ECF 169). United brings this Renewed Motion after the deadline only because it relied on Defendants' representations *throughout* January and *until* mid-February that they would produce documents sought herein and would not oppose United filing a renewed motion on this subject after that deadline. *See* Bornstein Decl. Ex. 4. In evaluating whether to allow a filing after the deadline, courts evaluate "(1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith." *Graham v. HRchitect, Inc.*, Civil Action No. 4:16-CV-743, 2017 U.S. Dist. LEXIS 118549, at *4 (E.D. Tex. July 28, 2017). Here, (1) Defendants cannot argue they are prejudiced by the timing of this Motion, indeed they *agreed* that they would not contest its timeliness if it was filed after the deadline; (2) entertaining this Motion will not disrupt the proceedings; (3) United brings this Motion now only due to its reasonable belief that Defendants would keep their word and produce the documents in question, as they repeatedly assured United they would; and (4) United acted in good faith in expecting Defendants to keep their word, and in attempting to avoid burdening the Court with unnecessary motions practice.

**II.      The Court should require Murphy to honor the stipulation he filed with the Court and produce the financial records United seeks.**

Defendants agreed, in a stipulation filed with the Court, to produce (1) "documents they possess relating to all bank, brokerage, or other accounts" that received money "directly or indirectly" from their laboratory business program which received money from United, "including statements" and (2) transaction-level documents including "copies of checks, deposit slips, and wire transfer details where available." Joint Advisory (ECF 148). As detailed above and in Graves Decl. Exhibits 1 and 2, [REDACTED]

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is an ongoing violation of his stipulation, and the Court should order him to produce the records he has withheld, as described herein.

During a phone call on March 2, 2020, Defendants' counsel suggested that Murphy's basis for refusing to produce additional financial records was that Lynn Murphy did not believe any laboratory program proceeds that originated from United could have ended up in the accounts discussed above. Bornstein Decl. ¶¶ 10-11. While it remains unclear if this remains Defendants' rationale as Defendants' counsel appeared to back off of it a few days later, there are three problems with this argument. *First*, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Second*, the language of the stipulation merely acknowledges that the lab program "received payments from United," and is not limited as Defendants appeared to contend. *Third*, Defendants' argument seems to be that they are not committing a discovery violation now because their true violation occurred back in

8

November, when they unambiguously promised to produce certain financial records to United—a promise they have now suggested was empty and did not obligate them to produce any of the records they actually produced—even though their promise caused United to withdraw its motion. This eleventh hour bait-and-switch rivals the severity of Defendants' failure to produce transaction-level documents at issue in this Motion and, if true, warrants sanctions. Regardless, the stipulation filed with the Court permitted United to "seek additional bank records" beyond those specifically encompassed in the stipulation.

The records are also relevant to United's claims, and should be ordered produced for that reason as well. First, the records are highly relevant to United's fraud claim, and its allegations that Murphy ran his laboratory businesses with the intent to defraud United and enrich himself. Records showing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, will reflect the extent of his personal financial interest and "motive for participation in a fraudulent medical billing scheme." *State Farm Mut. Auto. Ins. Co. v. Fayda*, 2015 U.S. Dist. LEXIS 162164, at *11 (S.D.N.Y. Dec. 3, 2015); *see also* United's Motion to Compel Financial Documents (ECF 133) at 8-9. Second, the records are highly relevant to United's Texas Uniform Fraudulent Transfers Act (TUFTA) claim, which alleges that Murphy incurred liabilities to United, and then transferred funds from his known personal accounts to other destinations, to move them further out of reach of United and make them harder to recover. *See* United's Motion to Compel Financial Documents (ECF 133) at 8-9. The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Murphy is refusing to produce will reveal exactly the types of transfers the TUFTA is designed to render void, and illustrate the extent to which Murphy violated TUFTA. *See* Tex. Bus. & Com. Code Ann. § 24.012, *et seq*. Third, the records will shine light on key facts Murphy does not want United to discover— ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In that regard, the records will further illustrate the extent to which Murphy and Saucedo yet "hold[ ] money that belongs to [United]," which is a core component of United's claim for money had and received. *Aetna Life Ins. Co. v. Humble Surgical Hosp., LLC*,

No. H-12-1206, 2016 U.S. Dist. LEXIS 180545 (S.D. Tex. Dec. 31, 2016). For these reasons as well, the Court should order Murphy to produce the records at issue.

### III. The Court should award United its fees and costs incurred in pursuing this Motion.

"Rule 37(a)(5)(A) requires that the court award reasonable expenses, including attorney's fees, incurred" in bringing a successful motion to compel, absent a showing by the resisting party of "substantial justification or that such an award would be unjust." *Janvey v. Proskauer Rose LLP*, No. 3:13-CV-0477-N-BQ, 2018 U.S. Dist. LEXIS 234072, at *37 (N.D. Tex. Mar. 6, 2018). Here, Murphy cannot show that he was substantially justified in failing to produce the documents. Murphy was required to produce the documents by his own stipulation, repeatedly acknowledged that obligation through counsel, assured United documents would be forthcoming, and then reneged on those promises. *See, e.g.*, *Idaho Waste Sys. v. USAF*, No. 1:18-cv-229-BLW, 2019 U.S. Dist. LEXIS 173016, at *12 (D. Idaho Sept. 30, 2019) (holding an award of fees to be especially warranted given the resisting party's "delay and broken promises" in discovery). Moreover, Murphy has repeatedly forced United to move to compel, only to relent after United has incurred substantial expenses and a motion is pending before the Court. *See* United's Mot. to Compel (ECF 89); Withdrawal of United's Mot. to Compel (ECF 94); United's Mot. to Compel (ECF 110); Joint Advisory Regarding United's Mot. to Compel (ECF 122). United's Mot. to Compel (ECF 133); Joint Advisory Regarding United's Mot. to Compel (ECF 148). On the issue of his financial records alone, Murphy required United to file not one but *two* motions, and has now broken the promise he made to secure United's withdrawal of the first. Murphy has now caused United to incur substantial expenses just to hold him to the promises he already made to United and this Court. Accordingly, United requests that the Court award United's reasonable fees and costs incurred in conferring and then bringing this Motion.

### CONCLUSION

United respectfully requests that the Court order Murphy to produce the ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ described herein and in United's Proposed Order, and to pay United's reasonable fees and costs incurred in conferring and preparing this Motion.

10

Dated: March 4, 2020							Respectfully submitted,

By*:*	*s/William Bornstein*
	Jeffrey S. Gleason
	*Admitted Pro Hac Vice*
	jgleason@robinskaplan.com
	Jamie R. Kurtz
	*Admitted Pro Hac Vice*
	jkurtz@robinskaplan.com
	William Bornstein
	*Admitted Pro Hac Vice*
	wbornstein@robinskaplan.com
	Nathaniel J. Moore
	*Admitted Pro Hac Vice*
	nmoore@robinskaplan.com
	Charles C. Gokey
	*Admitted Pro Hac Vice*
	cgokey@robinskaplan.com
	Ena M. Kovacevic
	*Admitted Pro Hac Vice*
	ekovacevic@robinskaplan.com

**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402-2015
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Timothy A. Daniels
Texas Bar No. 24037663
tim.daniels@figdav.com

**FIGARI + DAVENPORT LLP**
901 Main Street, Suite 3400
Dallas, TX 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

*Counsel for UnitedHealthcare Insurance Company and United Healthcare Services, Inc.*

## LOCAL RULE 7(i) CERTIFICATION

The undersigned, certifies that he and other counsel for Plaintiffs communicated with counsel for Defendants in a good faith effort to resolve the issues raised by the foregoing Motion and the parties were unable to resolve them.

Dated: March 4, 2020 /s/ *William Bornstein*
William Bornstein

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, 2020, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

John J.E. Markham, Esq.
jmarkham@markhamread.com
Bridget A. Zerner, Esq.
bzerner@markhamread.com
**MARKHAM & READ**
One Commercial Wharf West
Boston, MA 02110

/s/ *William Bornstein*
William Bornstein