UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MISSION TOXICOLOGY, LLC., and SUN CLINICAL LABORATORY, LLC,<br><br>*Plaintiffs*,<br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY,<br><br>*Defendants*. | No. 5:17-CV-01016- DAE (lead case) |
| UNITEDHEALTHCARE INSURANCE COMPANY, INC. and UNITEDHEALTHCARE SERVICES, INC.<br><br>*Plaintiffs*,<br>v.<br><br>MICHAEL MURPHY, M.D.,<br><br>*Defendants*. | No. 5:18-CV-00347-DAE (consolidated case) |

**LABS' AND LAB DEFENDANTS'[1] OPPOSITION TO UNITED'S MOTION TO STRIKE DEFENDANTS' "DECLARATIONS OF MARKETERS INVOLVED IN LAB OUTREACH PROGRAM" (at Dkt. No. 201)**

---

[1] The Labs are Plaintiffs Mission Toxicology, LLC and Sun Clinical Laboratory, LLC in Lead Case No. 5:17-CV-01016- DAE and Lab Defendants are Michael L. Murphy, MD, Jesse Saucedo, Samantha Murphy, Lynn Murphy, Julie Pricer, Mission Toxicology, LLC, Sun Clinical Laboratory, LLC, Sun Ancillary Management, LLC, Integrity Ancillary Management, LLC, Alternate Health Labs, Inc., and LMK Management, LLC in Consolidated Case No. 5:18-CV-00347-DAE.

The Labs and Lab Defendants oppose United's Motion to Strike Defendants' "Declarations of Marketers Involved in Lab Outreach Program" (Dkt. No. 201).

## I. The Marketer Declarations Should Not Be Stricken

### A. The Marketers Were Disclosed in Discovery

Each of the five marketers that provided declarations after the close of discovery and were filed with Lab Defendants' opposition to summary judgment were identified during discovery. Dan Dood and Charles Coleman were known to United as they were identified in United's own interrogatory responses. (Declaration of Bridget Zerner, ¶25) Jeffrey Mendler and Juan Delgado were included in email correspondence produced by the Lab Defendants. (*Id.*) United itself identified marketers generally, without naming each one, in its interrogatory responses as persons with knowledge stating: "United states that, generally, the following types of individuals are likely to have knowledge regarding Defendants' intent: . . . the marketers with marketing agreements with Sun and Mission." (*Id.*) Additionally, Lab Defendants' Initial Disclosures identified as persons with knowledge or discoverable information: "the individuals identified in the documents produced or made available to the parties in this action to the extent necessary to address matters identified in those documents or rebut matters raised by Defendants." (LDAPP2-04)[2] The fact that United chose to take the depositions of three marketers out of the many others disclosed during discovery does not bar the use of testimony from these other marketers.

### B. The Declarations May Be Considered on Summary Judgment

Summary judgment evidence is not required to be in a format that would be admissible at trial, but the party offering the summary judgment evidence must be able to

[2] "LDAPP2" refers to the second Appendix filed by the Labs and Lab Defendants related to the summary judgment record and in support of their oppositions to United's motions to strike.

prove the underlying facts at trial with admissible evidence. *See, Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Love v. Nat'l Med. Enters.,* 230 F.3d 765, 776 (5th Cir.2000); *BPE, Event Sols., Inc. v. G.D. Barri & Associates, Inc.*, CIV.A. H-07-1855, 2009 WL 81807, at *2 (S.D. Tex. Jan. 9, 2009) "In reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible, though it may not be in admissible form ." *Tullous v. Texas Aquaculture Processing Co.,* 579 F.Supp.2d 811, 817 (S.D.Tex.2008) (citing *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.,* 831 F.2d 77, 80 (5th Cir.1987)). On summary judgment, material may be presented in a form that would not, in itself, be admissible at trial. *Lee v. Offshore Logistical and Transport, L.L.C.*, 859 F.3d 353, 354–56 (5th Cir. 2017), *as revised* (July 5, 2017) The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. *Id.*

Each marketer, through their position and work with Lab Defendants, have first-hand knowledge of the marketing of the Program and what was discussed about the Program. They may appear at trial to testify to their first-hand knowledge of the Lab Outreach Program, what they told doctors about the Program, and/or what they told their own representatives to tell doctors about the Lab Program. The declarations are sufficient to be considered at this stage.

**C. Boone's Declaration Can Be Considered Along with His Deposition Testimony**

When an affidavit merely supplements rather than contradicts prior deposition testimony, the court may consider the affidavit when evaluating genuine issues in a motion for summary judgment. *S.W.S. Erectors, Inc. v. Infax, Inc*., 72 F.3d 489, 495–96 (5th Cir. 1996) The sham-affidavit rule provides that a party "may not manufacture a genuine issue of material fact by submitting an affidavit that impeaches prior testimony without explanation." *Guerrero v. Total*

*Renal Care, Inc.*, 932 F. Supp. 2d 769, 776 (W.D. Tex. 2013) (quoting *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000) ). The sham-affidavit rule "is applied sparingly" and may be invoked only where there is "some inherent inconsistency between an affidavit and a deposition." *Guerrero*, 932 F. Supp. 2d at 776. Isolated contradictions go to the affidavit's weight rather than its admissibility. *Guerrero*, 932 F. Supp. 2d at 776; *see also*, *Espinosa v. Stevens Tanker Div., LLC*, SA-15-CV-879-XR, 2017 WL 8948591, at *6 (W.D. Tex. Nov. 9, 2017), *report and recommendation adopted,* SA-15-CV-879-XR, 2017 WL 6021861 (W.D. Tex. Dec. 5, 2017) (Bemporad, MJ) (holding while declarations and deposition testimony conflict, found no inherent inconsistency and denied motion to strike); *Guerrero v. Total Renal Care, Inc.*, 932 F. Supp. 2d 769, 776 (W.D. Tex. 2013) (Cardone, J.)(arguments regarding certain isolated contradictions go to declaration's weight rather than its admissibility)

The purported isolated contradictions between Mr. Boone's testimony and his declaration go to the weight rather the admissibility of his statements. United has not shown an inherent inconsistency to strike his declaration under the standard of the sparingly-used sham-affidavit rule.

Dated: April 13, 2020

Respectfully submitted,

MARKHAM & READ
*/s/ John J.E. Markham, II*
John J.E. Markham, II (MA BBO No. 638579)
Bridget A. Zerner (MA BBO No. 669468)
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
jmarkham@markhamread.com
bzerner@markhamread.com
*Counsel for Defendants (Pro Hac Vice)*

HORNBERGER FULLER & GARZA

INCORPORATED
David W. Navarro
Cassie Garza Matheson
David Jed Williams
7373 Broadway, Suite 300
San Antonio, Texas 78209
Tel: (210) 271-1700
dnavarro@hfgtx.com
cmatheson@hfgtx.com
jwilliams@hfgtx.com
*Local Counsel for Defendants*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 13, 2020, the foregoing document was served on counsel of record by electronic mail at the email addresses specified on the CM/ECF docket.

*/s/ Bridget A. Zerner*
Bridget A. Zerner