UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MISSION TOXICOLOGY, LLC., and SUN CLINICAL LABORATORY, LLC,<br><br>*Plaintiffs*,<br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, et al.<br><br>*Defendants.* | No. 5:17-CV-01016- DAE (lead case) |
| UNITEDHEALTHCARE INSURANCE COMPANY, INC., et al.<br><br>*Plaintiffs*,<br>v.<br><br>MICHAEL MURPHY, M.D., et al.<br>*Defendants*. | No. 5:18-CV-00347-DAE (consolidated case) |

**DECLARATION OF BRIDGET A. ZERNER, ESQ. IN SUPPORT OF LABS' AND LAB DEFENDANTS' OPPOSITIONS TO UNITED'S MOTIONS TO STRIKE**

I, Bridget A. Zerner, declare as follows:

1. I am an attorney at the law firm Markham & Read, counsel for Plaintiffs Mission Toxicology, LLC and Sun Clinical Laboratory, LLC in the Lead Case and for Defendants Mission Toxicology, LLC ("Mission"), Sun Clinical Laboratory, LLC ("Sun"), Sun Ancillary Management, LLC ("SAM"), Integrity Ancillary Management, LLC ("IAM"), Alternate Health Labs, Inc. ("AHL"), LMK Management, LLC ("LMK"), Michael Murphy, M.D., Jesse Saucedo, Jr., Samantha Murphy, Lynn Murphy, Julie Pricer in Consolidated Case No. 5:18-CV-00347-DAE. The facts stated herein are based upon my own personal knowledge and if called upon to do so I could and would testify competently to the statements set forth below.

2. On January 18, 2019, Sun Clinical Laboratory, LLC produced laboratory requisitions and results for the claims at issue in these cases in the form they were maintained in the regular course of business. I served these documents on United via Dropbox link provided to United's counsel that included a folder labeled "LIS" referencing Sun's laboratory information system that maintained these records.

3. On March 1, 2019, Mission Toxicology, LLC produced laboratory requisitions and results for the claims at issue in these cases in the form they were maintained in the regular course of business. I served these documents on United via Dropbox link provided to United's counsel.

4. Attached as **Exhibit A2** is a true and accurate copy of United's Initial Disclosures and United's Amended Initial Disclosures.

5. Attached as **Exhibit B2** is a true and accurate copy of Sun and Mission's Initial Disclosures and of the Lab Defendants' Initial Disclosures.

6. Pursuant to the ESI Protocol Order (Dkt. No. 88, 3/11/19), the parties exchanged

search terms to search and produce responsive communications. On April 1, 2019, United's counsel served its list of search terms. A true and accurate copy of United's search terms are attached at **Exhibit C2**. United's list did not include the terms "audit" or their term of "prepayment review" used to refer to the audits at issue. This list of terms was modified thereafter after the parties conferred to reach a final search term list but additional terms were not added and certainly the terms "audit" or "prepayment review" were not added to United's list to search communications of the Lab Defendants.

7. Attached as **Exhibit D2** is a true and accurate copy of United's Responses to Lab Defendants' First Request for Production of Documents dated 5/20/2019.

8. Attached as **Exhibit E2**, Integrity Ancillary Management's Supplemental Response to Document Requests (4/29/2019).

9. Attached as **Exhibit F2** is a true and accurate copy of correspondence between the Labs/Lab Defendants' counsel and United's counsel inviting inspection of records in San Antonio which includes an Email of 1/15/2019, a letter of 2/6/2019, and a letter of 7/31/2019.

10. Attached as **Exhibit G2** is a true and accurate copy of emails produced in discovery referencing United's audits and audit responses including Email of 12/19/2016, Bates number LD0091510; Email of 1/15/2017, Bates number LD0106993; Email of 1/9/2017, Bates number LD0223802; Email of 1/16/2017, Bates number LD209433; Email of 1/24/2017, Bates: LD0151343.

11. Attached as **Exhibit H2** is a true and accurate copy of an excerpt of the deposition of Dr. Michael Murphy taken on October 8, 2019.

12. Attached as **Exhibit I2** is a true and accurate copy of an excerpt of the deposition of Samantha Murphy taken on October 10, 2019.

13. Attached as **Exhibit J2** is a true and accurate copy of an email of 5/9/2017 produced in discovery and marked as Deposition Exhibit 95.

14. Attached as **Exhibit K2** is a true and accurate copy of an email of 5/22/2017 produced in discovery and marked as Deposition Exhibit 96.

15. Attached as **Exhibit L2**, is a true and accurate copy of an excerpt of the deposition of Lynn Murphy taken on October 16, 2019.

16. Attached as **Exhibit M2** is a true and accurate copy of an email of 12/20/2016 produced in discovery and marked as Deposition Exhibit 137.

17. Attached as **Exhibit N2**, is a true and accurate copy of an email of 2/21/2017 produced by United in discovery (Bates UHS_Mission00017978) and marked as Deposition Exhibit 316. This was designated “Confidential” by United and is **FILED UNDER SEAL.**

18. Exhibit W filed at Dkt. No. 186-19 as part of the Labs and Lab Defendants’ first Appendix was prepared by Randy Dittmar after the close of discovery to be used as a summary for the Labs’ opposition to summary judgment.

19. Attached as **Exhibit O2** is a true and accurate copy of email correspondence with United counsel regarding the appeals documentation provided by United in discovery through which we informed United’s counsel that our clients advised that thousands of appeals were submitted on claims at issue in this case that were not reflected on the two spreadsheets produced by United and identified as responsive to our interrogatory seeking identification of appeals.

20. I conferred with Jamie Kurtz, one of the attorneys for United, on January 20, 2020 regarding our position that United’s response to the appeals interrogatory was incomplete and that United should possess additional information regarding the appeals submitted on laboratory claims denied during the Lab Outreach Program because many more appeals were

submitted than reflected on United's spreadsheets. On that date, Ms. Kurtz advised that she had not yet received final confirmation from her client but she was nearly certain United would confirm that the spreadsheets already produced was all the appeals documentation they had to produce. She questioned whether our clients were confused about whether they submitted actual appeals versus submitted responses to audits (or "prepayment review records requests"). I advised that more appeals were actually submitted and told her if United was taking the final position that the two spreadsheets are complete, then we wanted an affidavit from the appropriate person at United to that effect. Ms. Kurtz said she would discuss our affidavit request with her client but would not necessarily agree. Ms. Kurtz raised an issue with the Labs' objection in response to United's interrogatories seeking appeals data and I responded that if United sought to compel the documents over the objection made then United should file a motion. Thereafter, United did not provide an affidavit verifying the completeness of its data as requested. Nor did United move to compel the Labs to produce their appeals records.

21. I appeared at the 30(b)(6) deposition of Mission Toxicology, LLC on March 4, 2020 on behalf of Lab Defendants and I reviewed the transcript of that deposition. Jesse Saucedo testified as the witness on behalf of Mission. United counsel did not ask any questions about appeals related to Mission's ERISA claims. I have also reviewed the transcript of the deposition of Jesse Saucedo taken in this case on October 15, 2019 and there were no questions concerning submission of appeals on the lab claims involved in the Lab Outreach Program.

22. Attached as **Exhibit P2** is a true and accurate copy of an excerpt of the deposition of Lynn Murphy as the 30(b)(6) representative for Integrity Ancillary Management, LLC at a deposition on March 5, 2020.

23. Attached as **Exhibit Q2** is a true and accurate copy of a declaration of Michael

Wray, Lab Direction at Newman Memorial Hospital.

24. I appeared on behalf of Lab Defendants at the deposition of Randy Dittmar on December 13, 2019 and I reviewed the transcript of that deposition and United counsel did not pursue questions about audit responses or appeals documentation although there were numerous questions about the LIS system and Dittmar's knowledge of the system and recordkeeping.

25. We received the 5 marketer declarations filed at Dkt. No. 186-35, Exhibit MM in the Appendix in support of the Labs' and Lab Defendants' Oppositions to summary judgment after the close of discovery and in preparation for our opposition filings. Dan Dood and Charles (Esan) Coleman were identified in United's own interrogatory responses. In United's Second Supplemental Answers To Lynn Murphy's First Set Of Interrogatories served on us on January 2, 2020, United listed Esan Coleman on page 14 and Dan Dood on page 17 of its 64 pages as persons with knowledge of the Lab Defendants' intent. In the same interrogatory responses (at pages 12, 26, 39, 49), United itself identified marketers generally, without naming each one, as persons with knowledge stating: "United states that, generally, the following types of individuals are likely to have knowledge regarding Defendants' intent: . . . the marketers with marketing agreements with Sun and Mission." In my review of email correspondence produced by Lab Defendants in this case, I observed Jeffrey Mendler and Juan Delgado identified in that correspondence.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 13th day of April, 2020, in Boston, Massachusetts.

*/s/ Bridget A. Zerner*
Bridget A. Zerner (MA BBO No. 669468)