**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| MISSION TOXICOLOGY, L.L.C., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, INC., et al.,<br><br>Defendants. | Case No. 5:17-cv-01016<br>(lead case) |
| UNITEDHEALTHCARE INSURANCE COMPANY, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL MURPHY, M.D., et al.,<br><br>Defendants. | Case No. 5:18-cv-00347<br>(consolidated case) |

**UNITED'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' "DECLARATIONS OF MARKETERS INVOLVED IN LAB OUTREACH PROGRAM"**

## INTRODUCTION

Defendants have responded to a motion to strike conclusory declarations with an equally conclusory Opposition. Defendants make no effort to argue that the five Marketer Declarations are admissible as summary judgment evidence, do not explain the contradictory testimony of declarant Daniel Boone, and proffer no excuse for their failure to disclose the declarants as potential witnesses pursuant to Rule 26(a) or (e). Accordingly, the Court should grant United's Motion and strike Exhibit MM to the Declaration of Bridget Zerner [ECF 186-35] in its entirety.

**I. Defendants concede that the Marketer Affidavits are not admissible evidence.**

Defendants do not contest that the five Declarations at issue (1) lack foundation; (2) are unduly conclusory; (3) rest on hearsay; and (4) stray beyond the declarant's personal knowledge. *See* Opp. at 1-2. As such, the Declarations are inadmissible as summary judgment evidence. *See, e.g.*, *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) ("unsupported . . . affidavits setting forth 'ultimate or conclusory facts'" are not competent summary judgment evidence) (quoting C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* 2d § 2738 (1983)); *Amie v. El Paso Indep. Sch. Dist.*, 253 F. App'x 447, 451 (5th Cir. 2007) (summary judgment affidavits "must include enough factual support to show that the affiant possesses . . . knowledge" of the declaration's subject matter). *Hurlston v. City of Princeton*, No. 4:13-CV-757, 2016 U.S. Dist. LEXIS 25421, at *13 (E.D. Tex. Mar. 1, 2016) (affidavits constituting "hearsay . . . cannot be considered by a court at summary judgment").

Rather than defend the Declarations as such, Defendants instead argue that the declarants could offer *different* (unspecified) testimony that *would* be admissible if called as witnesses at trial. *See* Opp. at 2. Defendants contend that this is enough, because summary judgment evidence "may be presented in a form that would not, in itself, be admissible at trial." *Id.* (emphasis

added). As an initial matter, Defendants cannot call these individuals as trial witnesses because Defendants did not disclose them pursuant to Rule 26. But even if Defendants *could* do so, "'the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible.'" *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (quoting 11 Moore's Federal Practice - Civil ¶ 56.91 (2017)). Defendants do not dispute that the "*substance*" of each Marketer Declaration is inadmissible for the reasons discussed above (*i.e.*, each lacks foundation, is conclusory, rests on hearsay, and is not based on personal knowledge). The problem is thus not one of "*form*," as in the case Defendants cite, wherein the district court disregarded an expert report "solely because it was not sworn." *Id.* And even if the problem could be characterized as the "form" of the evidence, Defendants fail to explain how the testimony at issue could be presented differently such that it would be rendered admissible.

In sum, Defendants cannot make the Marketer Declarations competent summary judgment evidence by characterizing them as an I.O.U. for different, admissible testimony at trial. Accordingly, the Court should strike the Marketer Declarations.

## II. Defendants fail to explain the contradiction between the contents of the Declaration of Daniel Boone and the testimony Boone offered at his deposition.

Defendants concede that the Declaration of Daniel Boone contradicts the testimony Boone offered at his deposition. Opp. at 3. Accordingly, Defendants acknowledge that the Declaration may be "appropriately reject[ed]" as summary judgment evidence under the sham-affidavit rule. *Hackett v. UPS*, 736 F. App'x 444, 449 (5th Cir. 2018).

Rather than defend Boone's testimony, Defendants assert that Boone's two diametrically opposed accounts of the same set of facts should "go to the weight rather the admissibility of [Boone's] statements," because the sham-affidavit rule is "sparingly [ ] used." Opp. at 3. But Defendants fail to offer—or even attempt—an explanation for Boone's contradictory testimony.

*See id*. Accordingly, application of the sham-affidavit rule is "especially" appropriate here. *Hackett*, 736 F. App'x at 449. Indeed, it is difficult to see how the Court *could* "weigh" the two accounts against each other—if Boone's Declaration is true then his deposition testimony is false, and vice-versa. Defendants offer no reason to credit one conflicting account over the other. The Court should thus strike the Declaration of Daniel Boone pursuant to the sham-affidavit rule.

**III. Defendants do not even attempt to excuse their failure to disclose Mendler, Delgado, Dood, and Coleman as witnesses pursuant to Rule 26.**

Defendants concede that they did not disclose Mendler, Delgado, Dood, and Coleman as potential witnesses pursuant to Federal Rule of Civil Procedure 26(a) or (e). *See* Opp. at 1. Accordingly, under Rule 37(c)(1), Defendants are "not allowed to use" those witnesses "to supply evidence . . . unless the failure was substantially justified or is harmless."

Defendants do not so much reference the four-part test courts utilize to determine whether to admit testimony by undisclosed witnesses as "substantially justified or harmless." *See Klein v. Fed. Ins. Co.*, Civil Action No. 7:03-CV-102-D, 2015 U.S. Dist. LEXIS 44516, at *12-13 (N.D. Tex. Apr. 6, 2015). Instead, Defendants blandly assert that the individuals in question "were identified during discovery" through Defendants' discovery responses. *See* Opp. at 1. But so were *more than 100* other marketers. Defendants never hinted that *these* marketers, among this vast pool of similarly situated individuals, might serve as potential witnesses. Accordingly, United did not depose or otherwise focus on these individuals during discovery.[1]

Defendants cite no authority to support their contention that this sort of "disclosure" is

[1] Defendants further suggest that "Dan Dood and Charles Coleman were known to United as they were identified in United's own interrogatory responses." Opp. at 1. Defendant Lynn Murphy served interrogatories on United requesting that United separately list the identity of "every witness" with knowledge of Defendants' fraudulent intent. At Defendants' insistence, United reviewed Defendants' discovery responses and provided a list of *hundreds* of individuals potentially possessing such knowledge. The fact that the list included two of the four marketers at issue hardly shows that United was on notice that Defendants would select them as witnesses.

sufficient to justify admitting the testimony of an otherwise undisclosed witness. In fact, courts have rejected this very argument. *See, e.g.*, *Jama v. City & Cty. of Denver*, 304 F.R.D. 289, 299 (D. Colo. 2014) (rejecting the "contention that the identities" of witnesses not disclosed prior to summary judgement were "'made known' . . . through other discovery responses," as their "identities were never specifically identified . . . as being of particular importance," and their "significance was overshadowed by an even greater number of seemingly similarly-situated individuals" who were "not going to be used in the case").

"The purpose of Rule 26 disclosures of witnesses, both fact witnesses and expert witnesses, is to enable the parties to adequately prepare for trial." *McFerrin v. Allstate Prop. & Cas. Co.*, 29 F. Supp. 3d 924, 932 (E.D. Ky. 2014). That purpose is frustrated where, as here, a party designates a handful of witnesses out of a long list of similarly situated individuals *after* the close of discovery. Rule 37's "automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence . . . on a motion, such as one under Rule 56." Notes of Advisory Committee on 1993 Amendments, Fed. R. Civ. P. 37. Defendants fail to demonstrate that their failure to disclose the individuals in question should escape the application of this "automatic" sanction. Accordingly, the Court should grant United's Motion and strike the Declarations of Mendler, Delgado, Dood, and Coleman.

**CONCLUSION**

Defendants make no serious effort to defend the contents of the Marketer Declarations, or to excuse their own late disclosure of the declarants as witnesses. Accordingly, the Court should grant United's Motion and strike the Marketer Declarations in their entirety.

Dated: April 20, 2020

Respectfully submitted,

By: */s/ William Bornstein*

Jeffrey S. Gleason
*Admitted Pro Hac Vice*
jgleason@robinskaplan.com
Jamie R. Kurtz
*Admitted Pro Hac Vice*
jkurtz@robinskaplan.com
Nathaniel J. Moore
*Admitted Pro Hac Vice*
nmoore@robinskaplan.com
William Bornstein
*Admitted Pro Hac Vice*
wbornstein@robinskaplan.com
Charles C. Gokey
*Admitted Pro Hac Vice*
cgokey@robinskaplan.com
Ena M. Kovacevic
*Admitted Pro Hac Vice*
ekovacevic@robinskaplan.com

**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402-2015
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Timothy A. Daniels
Texas Bar No. 24037663
tim.daniels@figdav.com

**FIGARI + DAVENPORT LLP**
901 Main Street, Suite 3400
Dallas, TX 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

*Counsel for UnitedHealthcare Insurance Company, United Healthcare of Texas, Inc., UnitedHealthcare of Florida, Inc., and UnitedHealthcare Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April, 2020, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

John J.E. Markham, Esq.
jmarkham@markhamread.com
Bridget A. Zerner, Esq.
bzerner@markhamread.com
**MARKHAM & READ**
One Commercial Wharf West
Boston, MA 02110

/s/ *William Bornstein*
William Bornstein